United States District Court
District of Massachusetts

| | |
|---|---|
| United States Fidelity and Guaranty Company, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | |
| Paul A. Bordieri and Andrea Costa, ) | |
| Trustees of Jackson Construction Company, ) | |
| Paul A. Bordieri, Individually, ) | |
| ) | |
| Defendants ) | CASE # 05 - 11397-NMG |
| ) | |
| and ) | |
| ) | |
| Sovereign Bank of New England, NA, ) | |
| Appleton Partners, Inc. and ) | |
| Cambridge Appleton Trust, NA, ) | |
| ) | |
| Trustee Process Defendants ) | |

## DEFENDANTS' MOTION TO VACATE OR MODIFY TRUSTEE ATTACHMENTS

Pursuant to F.R.C.P. Rule 64 and M.R.C.P. Rule 4.2(h), Defendants, Paul A. Bordieri and Andrea J. Costa, Trustees of Jackson Construction Company (Jackson), a Massachusetts Business Trust, and Paul A. Bordieri, individually, hereby move that the Court vacate or modify the ex parte trustee attachments entered in this matter by order of the Court dated July 7, 2005.

As grounds therefor, the defendants state that the plaintiff's complaint, affidavit and moving papers are insufficient as a matter of law to sustain the burden of showing that the plaintiff has a likelihood of success on the merits, has materially misrepresented to the Court Jackson's financial condition, has materially misrepresented to the Court the status of Jackson's projects, both the bonded projects and the two completion

projects on which Jackson is under contract with USF&G, USF&G has materially misrepresented and failed to disclose the circumstances surrounding a transfer of funds in April of 2005, USF&G has failed to disclose commitments made by Jackson's counsel and Mr. Bordieri with respect to these funds, USF&G has falsely stated that Jackson has stated it is financially unable to perform its contracts, USF&G has failed to acknowledge that it owes Jackson over $3 million dollars on the two completion contracts which it is wrongfully withholding, USF&G has materially misrepresented to the Court the meaning of a so-called retention of surplus agreement, and USF&G has failed to disclose to the Court that the increase in complaints by subcontractors of non-payment arises directly and solely from the wrongful non-payment by USF&G to Jackson.

Because of the infirmities, misrepresentations, deliberate omissions, and incompetent statements in the plaintiff's moving papers, the Court should vacate the trustee attachments. But, Mr. Bordieri recognizes the need for USF&G and Jackson to work cooperatively to complete the projects without defaults as the best method by which losses will be contained or avoided. Accordingly, Mr. Bordieri stands by the offer made in Exhibit J to his affidavit and requests the Court to modify the attachments accordingly: $1 million dollars of the Appleton account to be released to Jackson immediately to be loaned to Jackson for use only for Jackson expenses in the ordinary course of business, including payroll, payments to suppliers, overhead, etc. Mr. Bordieri further agrees and requests the Court to modify the attachments to provide that the remaining funds, approximately $900,000.00, will remain in the Appleton account without waiver of Mr. Bordieri's position that the funds are his. Mr. Bordieri further

requests that the Court order payment by the surety to Jackson on the completion contracts in a minimum amount of $1 million dollars, to be combined with Jackson's $1 million dollars loaned by Mr. Bordieri from the Appleton account, both to be placed in a joint account requiring two signatures, one by USF&G and one by Jackson. In this manner, the bonded jobs and the completion contracts may be completed upon further overdue payments by the surety to Jackson.

Paul A. Bordieri and Andrea J. Costa
Trustees of Jackson Construction Company
and Paul A. Bordieri, Individually
By Their Attorney,

7/20/05

Kieran B. Meagher
BBO# 340920
Kieran B. Meagher Associates LLC
92 Montvale Avenue, Suite 4180
Stoneham, MA  02180
(781) 246-1101

3

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of July, 2005 I served a copy of the foregoing document, by in-hand delivery to:

Scott S. Spearing, Esq.
Hermes, Netburn, O'Connor & Spearing
111 Devonshire Street – 8th Fl.
Boston, MA 02109

And by first-class mail, postage prepaid, to:

Appleton Partners, Inc.
45 Milk Street, 8th Fl.
Boston, MA 02109

Cambridge Appleton Trust, N.A.
45 Milk Street, 8th Fl.
Boston, MA 02109

Sovereign Bank of New England, N.A.
75 State Street
Boston, MA 02109

_____
Kieran B. Meagher

C:\Shared\KBM\Jackson Const. Co\Motion to Vacate 7 20 05.doc