UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES FIDELITY AND GUARANTY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>PAUL A. BORDIERI and ANDREA J. COSTA, Trustees of JACKSON CONSTRUCTION COMPANY, a Massachusetts Business Trust, PAUL A. BORDIERI, Individually<br><br>Defendants,<br><br>and<br><br>SOVEREIGN BANK OF NEW ENGLAND, NA, APPLETON PARTNERS, INC. and CAMBRIDGE APPLETON TRUST, NA,<br><br>Trustee Process Defendants. | C.A. No. 05-11397NMG |

### AFFIDAVIT OF SCOTT S. SPEARING

I, Scott S. Spearing, on oath, depose and state as follows:

1. I am an attorney admitted to the bar of the Commonwealth of Massachusetts and bar of the United States District Court for the District of Massachusetts. I represent United States Fidelity & Guaranty Company (USF&G) in this case. I have personal knowledge of the facts set forth herein.

2. On June 30, 2005, I attended a meeting at my office with Paul A. Bordieri and Samuel M. Starr, counsel for Jackson Construction Company. Also attending the meeting was

my colleague Kevin J. O'Connor. Thomas A. McAuley of St. Paul Travelers participated in the meeting by telephone.

3. At that meeting neither Mr. Bordieri nor Mr. Starr offered any explanation or justification for Mr. Bordieri's transfer of Jackson assets (listed as "Securities Available for Sale" in Jackson's Financial Statements for the Years Ended December 31, 2002 and 2001 attached to the Affidavit of James E. Mack) from Jackson to Mr. Bordieri, other than Mr. Starr's statement that Jackson was solvent in late March when Bordieri decided to take the assets, and that he was entitled to do so as a distribution from the business trust to its shareholder, Mr. Bordieri.

4. At that meeting, Mr. Bordieri was asked to return the asset (or its proceeds) to Jackson. He would not agree to do so. He also was asked where the asset or its proceeds were located. He refused to answer directly, asking Mr. O'Connor and me if we could speak French and stating that we would need to do so to find the asset or its proceeds.

5. I took Mr. Bordieri's response to mean that he had placed the asset or the proceeds in a foreign jurisdiction so that St. Paul Travelers and Jackson's other creditors could not reach it.

6. I also inquired if Mr. Bordieri would be willing to place the funds into Mr. Starr's firm Client Fund Account. Mr. Bordieri rejected this idea.

7. On July 1, 2005, this action was filed on behalf of USF&G. At that time, Appleton Partners and Cambridge Appleton Trust (collectively referred to as "Appleton") were included as Trustee Process Defendants because information in the Jackson Construction underwriting file indicated that Mr. Bordieri had personal accounts at Appleton. Public information indicated that Cambridge Appleton provides Trust Banking and Custodial Banking Services to Appleton

Partners' clients, making it a likely holder of Mr. Bordieri's funds. I never received any information regarding these accounts from Mr. Bordieri or from Mr. Starr.

8. The Trustee Process Attachment Motion was filed on July 6, 2005. Before that Motion was filed, Mr. Starr had informed me that the proceeds of the assets transferred to Mr. Bordieri were not overseas and that I could probably guess as to where they were located.

9. Mr. Starr did not tell me anything about what Mr. Bordieri had done with the assets he had taken from Jackson. Further, at no time did Mr. Starr tell me that those proceeds were at Appleton or that Mr. Bordieri had agreed not to move them.

10. At the time the Complaint and the Trustee Process Attachment Motions were filed, St. Paul Travelers knew only that (a) Mr. Bordieri had taken a corporate asset and (b) Mr. Bordieri claimed he was entitled to do so.

11. Any statement submitted to the Court indicating that Mr. O'Connor, USF&G or I were aware, at any time up to and including today, that Mr. Bordieri allegedly had any adequate justification or right to take the assets in question or that Mr. Bordieri or anyone acting on his behalf had indicated that Mr. Bordieri agreed to hold them for the benefit of Jackson or St. Paul Travelers, is false.

**I DECLARE UNDER THE PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT. EXECUTED THIS 25th DAY OF JULY 2005.**

_____
Scott S. Spearing

G:\DOCS\SSS\ST Paul Travelers\Pleadings\Affidavit of Scott Spearing.doc

I hereby certify that a true copy of the above document was served upon (each party appearing PRO SE and) the attorney of record for each other party by mail (by hand) on July 25, 2005.

_____

3