United States District Court
District of Massachusetts

| | |
|---|---|
| UNITED STATES FIDELITY AND GUARANTY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>PAUL A. BORDIERI and ANDREA J. COSTA, Trustees of JACKSON CONSTRUCTION COMPANY, a Massachusetts Business Trust, PAUL A. BORDIERI, Individually,<br><br>Defendants,<br><br>and<br><br>SOVEREIGN BANK, NA, APPLETON PARTNERS, INC. and CAMBRIDGE APPLETON TRUST, NA,<br><br>Trustee Process Defendants. | Civil Action No. 05-11397-NMG |

ORDER

GORTON, J.

On July 26 and 27, 2005 the parties appeared before this Court for hearings on defendant's motion to vacate an <u>ex parte</u> order of attachment by trustee process entered by this Court on July 7, 2005. In accordance with the temporary resolution discussed at the hearing on July 27, 2005, the parties shall proceed as follows:

1)  The attachment by trustee process of the property of the

-1-

defendant, Paul A. Bordieri ("Bordieri"), entered by this Court on July 7, 2005 in the possession of the Appleton Trustee Process defendant is reduced from $1,984,143.64 to $1,884,143.64, which amount will continue to be held by that Trustee Process defendant.

2) Bordieri is authorized and directed to transfer the $100,000 released from attachment into a corporate account of Jackson Construction Company ("Jackson") to be used only for ordinary operating expenses of the company, i.e. payrolls and other normal operating expenses such as rent, utilities, payments to subcontractors, material suppliers, etc.  Expenditures may be made only in service of existing bonded and unbonded projects and on the completion contract projects.

3) Upon completion of the transfer, Bordieri will immediately notify the plaintiff of the location and identification of the account.  On a weekly basis thereafter, in addition to any accounting which may be subsequently ordered by this Court, Bordieri shall provide plaintiff with a written accounting of all expenditures from the account identifying all payees and all amounts paid to each payee.

4) On or before Wednesday, August 3, 2005, the parties shall meet and negotiate conditions for the establishment of an escrow account and to provide for the transfer by Bordieri of the entire balance of the attached funds into two accounts as follows:

a. $1,000,000 into an account to be jointly held by plaintiff and defendants with said funds to be used only in connection with bonded projects; and

b. the remainder, i.e. $884,143.64, into an account to be jointly held by plaintiff and defendants with said funds to be used for ordinary expenses of Jackson's business, whether or not related to bonded projects.

The accounts shall be administered in accordance with this Order during the pendency of this action or until further order of the Court.

Defendants shall provide to the plaintiff periodic written accountings including reasonable access to pertinent financial records. Plaintiff shall provide to the defendants a written accounting of the status of the completion contract projects and all funds received and disbursed by plaintiff in connection therewith.

If the parties are unable to agree and file a joint stipulation with respect to the opening and administration of the accounts and the accountings referred to herein on or before August 3, 2005, each party shall file its proposed conditions to govern such administration on that date.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated July 27, 2005