United States District Court
District of Massachusetts

United States Fidelity and Guaranty Company, )
)
              Plaintiff                          )
)
v.                                           )
Paul A. Bordieri and Andrea Costa,        )
Trustees of Jackson Construction Company, )
Paul A. Bordieri, Individually,           )
)
              Defendants          )    CASE # 05 - 11397-NMG
)
and )
)
Sovereign Bank of New England, NA, )
Appleton Partners, Inc. and )
Cambridge Appleton Trust, NA, )
)
     Trustee Process Defendants    )

Answer of Andrea J. Costa

Defendant Andrea J. Costa (Costa), formerly a Trustee of Jackson Construction Company (Jackson), hereby answers Plaintiffs' complaint. To the extent that the first (unnumbered) paragraph of the complaint requires an answer, Costa states that she admits that USF&G has executed surety bonds guarantying obligations of Jackson on construction contracts and is without information sufficient to admit or deny the remaining averments of this paragraph.

1.    On information and belief, admitted.

2.    Admitted, except that effective July 8, 2005 Costa states that she is no longer a Trustee of Jackson.

3.    Admitted, except that on information and belief Mr. Bordieri is the sole trustee.

4.  Andrea admits the first sentence and denies the second sentence of paragraph 4.

5.  On information and belief, admitted.

6.  On information and belief, admitted.

7.  On information and belief, admitted.

8.  Costa does not challenge jurisdiction.

9.  Costa does not challenge venue.

10. On information and belief, admitted.

11. Costa is without sufficient information to admit or deny the averments of paragraph 11.

12. Costa is without sufficient information to admit or deny the averments of paragraph 12.

13. Costa is without sufficient information to admit or deny the averments of paragraph 13.

14. Costa is without sufficient information to admit or deny the averments of paragraph 14.

15. Costa is without sufficient information to admit or deny the averments of paragraph 15.

16. Costa is without sufficient information to admit or deny the averments of paragraph 16.

17. Costa is without sufficient information to admit or deny the averments of paragraph 17.

18. Costa is without sufficient information to admit or deny the averments of paragraph 18.

19. Costa is without sufficient information to admit or deny the averments of paragraph 19.

20. Costa is without sufficient information to admit or deny the averments of paragraph 20.

21. Costa is without sufficient information to admit or deny the averments of paragraph 21.

22. Costa is without sufficient information to admit or deny the averments of paragraph 22.

23. Costa is without sufficient information to admit or deny the averments of paragraph 23.

24. Costa is without sufficient information to admit or deny the averments of paragraph 24.

25. Costa is without sufficient information to admit or deny the averments of paragraph 25.

26. Costa is without sufficient information to admit or deny the averments of paragraph 26.

27. Costa is without sufficient information to admit or deny the averments of paragraph 27.

28. Costa is without sufficient information to admit or deny the averments of paragraph 28.

29. Costa is without sufficient information to admit or deny the averments of paragraph 29.

30. Costa is without sufficient information to admit or deny the averments of paragraph 30.

31. Costa is without sufficient information to admit or deny the averments of paragraph 31.

32. Costa is without sufficient information to admit or deny the averments of paragraph 32.

33. Costa is without sufficient information to admit or deny the averments of paragraph 33.

## Count I

34. Costa incorporates by reference her answers to paragraphs 1 through 33 as if stated in full herein.

35. Costa is without sufficient information to admit or deny the averments of paragraph 35.

36. Costa is without sufficient information to admit or deny the averments of paragraph 36.

37. Costa is without sufficient information to admit or deny the averments of paragraph 37.

38. Costa is without sufficient information to admit or deny the averments of paragraph 38.

39. Costa is without sufficient information to admit or deny the averments of paragraph 39.

40. Costa is without sufficient information to admit or deny the averments of paragraph 40

## Count II

41. Costa incorporates by reference her answers to paragraphs 1 through 40 as if stated in full herein.

42. Costa is without sufficient information to admit or deny the averments of paragraph 42.

43. Costa is without sufficient information to admit or deny the averments of paragraph 43.

## Count III

44. Costa incorporates by reference her answers to paragraphs 1 through 44 as if stated in full herein.

45. Costa is without sufficient information to admit or deny the averments of paragraph 45.

46. Costa is without sufficient information to admit or deny the averments of paragraph 46.

47. Costa is without sufficient information to admit or deny the averments of paragraph 47.

48. Costa is without sufficient information to admit or deny the averments of paragraph 48.

## Count V (sic)

49. Costa incorporates by reference her answers to paragraphs 1 through 48 as if stated in full herein.

50. Costa is without sufficient information to admit or deny the averments of paragraph 50.

51. Costa is without sufficient information to admit or deny the averments of paragraph 51.

52. Costa is without sufficient information to admit or deny the averments of paragraph 52.

## Count VI

53. Costa incorporates by reference her answers to paragraphs 1 through 52 as if stated in full herein.

54. Costa is without sufficient information to admit or deny the averments of paragraph 54.

55. Costa is without sufficient information to admit or deny the averments of paragraph 55.

56. Costa is without sufficient information to admit or deny the averments of paragraph 56.

57. Costa is without sufficient information to admit or deny the averments of paragraph 57.

58. Costa is without sufficient information to admit or deny the averments of paragraph 58.

## Count VII

66. Costa incorporates by reference her answers to paragraphs 1 through 58, noting there are no paragraphs 59 through 65.

67.   Costa is without sufficient information to admit or deny the averments of paragraph 67.

68.   Costa is without sufficient information to admit or deny the averments of paragraph 68.

69.   Costa is without sufficient information to admit or deny the averments of paragraph 69.

70.   Costa is without sufficient information to admit or deny the averments of paragraph 70.

71.   Costa is without sufficient information to admit or deny the averments of paragraph 71.

## Count IX

72.   Costa incorporates by reference her answers to paragraphs 1 through 71 as if stated in full herein.

73.   Costa is without sufficient information to admit or deny the averments of paragraph 73.

74.   Costa is without sufficient information to admit or deny the averments of paragraph 74.

75.   Costa is without sufficient information to admit or deny the averments of paragraph 75.

## FIRST AFFIRMATIVE DEFENSE

The complaint fails to state claims against Costa upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff has suffered no damages.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff is estopped by its acts and conduct to assert any claims against Costa.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff has materially breached the completion contracts and is therefore disentitled to any relief against Costa.

## FIFTH AFFIRMATIVE DEFENSE

Any loss suffered or which might in the future be suffered by USF&G is as a result of the acts or omissions of USF&G for which Costa is not responsible.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff is guilty of unclean hands and thus is disentitled to any relief in equity.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is guilty of laches.

WHEREFORE, Andrea Costa demands:

1. That the claims against her be dismissed; and
2. That she be awarded her cost of defense, including reasonable attorney's fees.

Andrea J. Costa
By Her Attorney

Dated: August 1, 2005

Kieran B. Meagher, BBO# 340920
Kieran B. Meagher Associates LLC
92 Montvale Avenue
Stoneham, MA 02180
(781) 246-1101

## Certificate of Service

I hereby certify that on this <u>1st day of August, 2005</u>, I served a copy of the within <u>Answer of Andrea J. Costa</u> by first-class mail, postage prepaid, to:

Scott S. Spearing, Esq.
Hermes, Netburn, O'Connor & Spearing
111 Devonshire Street, 8th Floor
Boston, MA 02109

Appleton Partners, Inc.
45 Milk Street, 8th Fl.
Boston, MA 02109

Cambridge Appleton Trust, N.A.
45 Milk Street, 8th Fl.
Boston, MA 02109

Sovereign Bank of New England, N.A.
75 State Street
Boston, MA 02109

_____
Kieran B. Meagher