## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES FIDELITY AND GUARANTY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>PAUL A. BORDIERI and ANDREA J. COSTA, Trustees of JACKSON CONSTRUCTION COMPANY, a Massachusetts Business Trust, PAUL A. BORDIERI, Individually<br><br>Defendants,<br><br>and<br><br>SOVEREIGN BANK, NA, APPLETON PARTNERS, INC. and CAMBRIDGE APPLETON TRUST, NA,<br><br>Trustee Process Defendants. | C.A. No. 05-11397 NMG |

### EMERGENCY JOINT MOTION FOR INTERIM ORDER

The Plaintiff, United States Fidelity and Guaranty Company ("USF&G"), and the

Defendants, Jackson Construction Company ("Jackson") and Paul A. Bordieri ("Bordieri"),

(collectively referred to herein at times as the "Parties") jointly move for an Interim Order

modifying this Court's Order of July 27, 2005 by allowing USF&G to pay certain Critical

Payables on the Lowell Project totaling $464,183.19 and directing the immediate transfer by

Bordieri of $464,183.19 of the Attached Funds directly to USF&G.

As grounds for this Motion, the Parties state as follows:

*Motion allowed. NMG Gorton, USDJ 8/4/05*

1.    On July 27, 2005, this Court entered an Order directing the Parties to negotiate the transfer and use certain funds previously attached by this Court on July 7, 2005 (the "Attached Funds"). A copy of the Court's Order is attached hereto as Exhibit "A."

2.    Prior to the start of this Civil Action, Jackson entered into a contract with the City of Lowell for the construction of a school project known as Kathryn M. Stoklosa Middle School, located at 560 Broadway Street, Lowell, Massachusetts (the "Lowell Project").

3.    USF&G executed a Performance Bond and Labor and a Material Payment Bond on behalf of Jackson, Bond No.: 006-SB-SW5179, in connection with Jackson's contract for the Lowell Project (the "Lowell Bonds").

4.    The Parties agree that certain amounts totaling $464,183.19 are properly due and payable to certain subcontractors and/or suppliers for their work at the Lowell Project, a bonded project. A list of the subcontractors and/or suppliers and the amounts owed to them in connection with their work at the Lowell Project entitled "Lowell Payables, Critical A, 8/1/2005" is attached hereto as Exhibit "B." The Parties agree further that it is necessary for the subcontractors and/or suppliers listed in Exhibit B, to be paid immediately in order to avoid potential delays and/or additional costs and expenses at the Lowell Project.

5.    At this time, Jackson does not have sufficient funds to pay these subcontractors (OTHER THAN THE ATTACHED FUNDS) and/or suppliers the amounts listed in Exhibit B, totaling $464,183.19. In order to satisfy this emergency need for funds, USF&G has agreed to advance funds to pay the subcontractors and/or suppliers in the amounts listed in Exhibit B, totaling $464,183.19. In exchange for USF&G's advancement of funds, Jackson and Bordieri agree that USF&G shall be paid immediately and directly the sum of $464,183.19 from the Attached Funds referenced in this Court's Order of July 27, 2005, leaving a balance of $535,816.81 of Attached Funds to be transferred at a later

2

dated to a joint account, to be established by the Parties, for use in connection with bonded

projects in accordance with this Court's Order of July 27, 2005.

A Proposed Interim Order is attached hereto as Exhibit "C."

**WHEREFORE**, the Parties jointly respectfully request that this Court take the following
action:

1.  Permit USF&G to advance funds to pay the subcontractors and/or suppliers in the
    amounts listed in Exhibit B, totaling $464,183.19, in accordance with the agreement
    reached between the Parties as stated above;

2.  Order that $464,183.19 be released from the Attached Funds and authorize and direct
    Bordieri to immediately transfer the said amount of $464,183.19 to USF&G leaving a
    balance of $535,816.81 of Attached Funds to be transferred at a later dated to a joint
    account, to be established by the Parties, for use in connection with bonded projects
    in accordance with this Court's Order of July 27, 2005;
    *to Tuesday, August 9, 2005*

3.  Extend the deadline for the Parties to meet and negotiate conditions for the
    establishment of accounts to provide for the transfer by Bordieri of the entire balance
    of the Attached Funds into two accounts as follows:

    a.  $535,816.81 into an account to be jointly held by plaintiff and defendants
        with said funds to be used only in connection with bonded projects; and

    b.  the remainder, i.e. $884,143.64, into an account to be held jointly by
        plaintiff and defendants with said funds to be used for ordinary expenses
        of Jackson's business, whether or not related to bonded projects;

    The accounts shall be administrated in accordance with the Court's Order of July 27,
    2005; and

3

4.    Order such other and further relief as is just and appropriate at law or in equity.

UNITED STATED FIDELITY AND GUARANTY
COMPANY,
By its attorneys,

Kevin J. O'Connor,   BBO 555248
Scott S. Spearing,    BBO 562080
HERMES, NETBURN, O'CONNOR
        & SPEARING, P.C.
111 Devonshire Street, Eighth Floor
Boston, MA 02110
(617) 728-0050
Dated: August 4, 2005       (617) 728-0052 (F)


PAUL A. BORDIERI and ANDREA J. COSTA,
Trustees of JACKSON CONSTRUCTION
COMPANY, a Massachusetts Business Trust,
PAUL A. BORDIERI, Individually,

By their attorneys,

Kieran B. Meagher, BBO 340920
Kieran B. Meagher Associates LLC
92 Montvale Avenue, Suite 4180
Stoneham, MA 02180
Dated: August 4, 2005       (781) 246-1101

G:\DOCS\SSS\ST Paul Travele s\Pleadings\Emergency Motion for Interim Order 8.4 2.doc

4

United States District Court
District of Massachusetts

```
                                    )
UNITED STATES FIDELITY AND          )
GUARANTY COMPANY,                   )
                                    )
            Plaintiff,              )    Civil Action No.
                                    )    05-11397-NMG
      v.                            )
                                    )
PAUL A. BORDIERI and ANDREA J.      )
COSTA, Trustees of JACKSON          )
CONSTRUCTION COMPANY, a             )
Massachusetts Business Trust,       )
PAUL A. BORDIERI, Individually,     )
                                    )
            Defendants,             )
                                    )
      and                           )
                                    )
SOVEREIGN BANK, NA, APPLETON        )
PARTNERS, INC. and CAMBRIDGE        )
APPLETON TRUST, NA,                 )
                                    )
            Trustee Process         )
            Defendants.             )
                                    )
```

**ORDER**

**GORTON, J.**

On July 26 and 27, 2005 the parties appeared before this
Court for hearings on defendant's motion to vacate an <u>ex parte</u>
order of attachment by trustee process entered by this Court on
July 7, 2005.  In accordance with the temporary resolution
discussed at the hearing on July 27, 2005, the parties shall
proceed as follows:

1)  The attachment by trustee process of the property of the

-1-

defendant, Paul A. Bordieri ("Bordieri"), entered by this Court on July 7, 2005 in the possession of the Appleton Trustee Process defendant is reduced from $1,984,143.64 to $1,884,143.64, which amount will continue to be held by that Trustee Process defendant.

2) Bordieri is authorized and directed to transfer the $100,000 released from attachment into a corporate account of Jackson Construction Company ("Jackson") to be used only for ordinary operating expenses of the company, i.e. payrolls and other normal operating expenses such as rent, utilities, payments to subcontractors, material suppliers, etc. Expenditures may be made only in service of existing bonded and unbonded projects and on the completion contract projects.

3) Upon completion of the transfer, Bordieri will immediately notify the plaintiff of the location and identification of the account. On a weekly basis thereafter, in addition to any accounting which may be subsequently ordered by this Court, Bordieri shall provide plaintiff with a written accounting of all expenditures from the account identifying all payees and all amounts paid to each payee.

4) On or before Wednesday, August 3, 2005, the parties shall meet and negotiate conditions for the establishment of an escrow account and to provide for the transfer by Bordieri of the entire balance of the attached funds into two accounts as follows:

-2-

     a.    $1,000,000 into an account to be jointly held by plaintiff and defendants with said funds to be used only in connection with bonded projects; and

     b.    the remainder, i.e. $884,143.64, into an account to be jointly held by plaintiff and defendants with said funds to be used for ordinary expenses of Jackson's business, whether or not related to bonded projects.

The accounts shall be administrated in accordance with this Order during the pendency of this action or until further order of the Court.

Defendants shall provide to the plaintiff periodic written accountings including reasonable access to pertinent financial records. Plaintiff shall provide to the defendants a written accounting of the status of the completion contract projects and all funds received and disbursed by plaintiff in connection therewith.

If the parties are unable to agree and file a joint stipulation with respect to the opening and administration of the accounts and the accountings referred to herein on or before August 3, 2005, each party shall file its proposed conditions to govern such administration on that date.

**So ordered.**

Nathaniel M. Gorton
United States District Judge

Dated July **27**, 2005

-3-

| Subcontractor/Supplier | Lowell Payables 8/1/2005 | Critical A |
|---|---|---|
| Jackson Project Staff Costs | | $ - |
| | | |
| Jackson share of G&A | | $ - |
| | | |
| Triumph Leasing | | $ - |
| New England Spring Water | | $ - |
| Cabinetmaster | | $ - |
| AH Harris | | $ - |
| Mill City Fabricators, Inc. | | $ - |
| Lockheed Window | | $ - |
| Aluminum & Glass Concepts | | $ - |
| HW Ellis Painting | | $ 11,000.00 |
| Northeast Interior Systems, Inc | | $ 50,000.00 |
| McLaughlin Mechanical | | $ - |
| J.G. MacLellan | | $ - |
| Long Island Fireproof Dr | | $ - |
| McKittrick Industrial Supply | | $ - |
| Waldo Bros | | $ - |
| Marguerite Concrete | | $ 6,030.00 |
| Dynamic Fire Protection | | $ 1,425.00 |
| Atlantic Waste Systems | | $ 162,972.75 |
| Systems Contracting | | $ 915.00 |
| Reliable Security | | $ 418.00 |
| Lowell Police Dept | | $ - |
| The Northern Corp | | $ - |
| Stanley Roofing | | $ 25,000.00 |
| Jackson Lumber | | $ - |
| M.L. MacDonald | | $ - |
| Cornerstone Masonry | | $ - |

## Lowell Payables
8/1/2005

| Subcontractor/Supplier | Critical A |
|---|---|
| Capital Carpet | $ 30,191.95 |
| J.S. Services | $ 24,750.00 |
| Walker Specialties | $ - |
| CRF Inc. | $ - |
| Kenvo Floors | $ - |
| Boston Showcase | $ - |
| L&L Concrete | $ 16,176.49 |
| G.A. Climo | $ 39,000.00 |
| Robert H. Lord | $ - |
| Bloomsouth Flooring | $ - |
| Signet Electronics | $ 50,000.00 |
| Associated Conc Coatings | $ - |
| K&K Acoustical Ceilings | $ 14,250.00 |
| Kneeland Plumbing | $ 32,054.00 |
| **Corporate Mechanical** | $ - |
| JW Drywall, Inc. | $ - |
| Gleeson Powers, Inc. | $ - |
| Totals | **$ 464,183.19** |
| | **$ 464,183.19** |