UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES FIDELITY AND GUARANTY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>PAUL A. BORDIERI and ANDREA J. COSTA, Trustees of JACKSON CONSTRUCTION COMPANY, a Massachusetts Business Trust, PAUL A. BORDIERI, Individually<br><br>Defendants,<br><br>and<br><br>SOVEREIGN BANK, NA, APPLETON PARTNERS, INC. and CAMBRIDGE APPLETON TRUST, NA,<br><br>Trustee Process Defendants. | C.A. No. 05-11397 NMG |

## INTERIM ORDER

The Plaintiff, United States Fidelity and Guaranty Company ("USF&G"), and the Defendants, Jackson Construction Company ("Jackson") and Paul A. Bordieri ("Bordieri"), (collectively referred to herein at times as the "Parties") having come before the Court requesting an Interim Order regarding the immediate transfer by Bordieri of a portion of the Attached Funds referenced in this Court's Order of July 27, 2005 (i.e., August 4, 2005 Emergency Joint Motion for Interim Order), the Court hereby orders the parties to proceed as follows:

1. Jackson entered into a contract with the City of Lowell for the construction of a school project known as Kathryn M. Stoklosa Middle School, located at 560 Broadway Street, Lowell, Massachusetts (the "Lowell Project").

2. USF&G executed a Performance Bond and Labor and a Material Payment Bond on behalf of Jackson, Bond No.: 006-SB-SW5179, in connection with Jackson's contract for the Lowell Project (the "Bonds").

3. The Parties agree that certain amounts totaling $464,183.19 are properly due and payable to certain subcontractors and/or suppliers for their work at the Lowell Project, a bonded project. A list of the subcontractors and/or suppliers and the amounts owed to them in connection with their work at the Lowell Project entitled "Lowell Payables, Critical A, 8/1/2005" is attached hereto as Exhibit "A." The Parties agree further that it is necessary for the subcontractors and/or suppliers listed in Exhibit A, to be paid immediately in order to avoid potential delays and/or additional costs and expenses at the Lowell Project.

4. Therefore, USF&G has agreed to advance funds to pay these subcontractors and/or suppliers the amounts listed in Exhibit A, totaling $464,183.19. In exchange for USF&G's advancement of these funds, Jackson and Bordieri agree that USF&G shall be paid immediately and directly the sum of $464,183.19 from the Attached Funds referenced in this Court's Order of July 27, 2005, leaving a balance of $535,816.81 of Attached Funds to be transferred at a later dated to a joint account, to be established by the Parties, for use in connection with bonded projects in accordance with this Court's Order of July 27, 2005.

5. Accordingly, the sum of $464,183.19 is released from attachment and Bordieri is authorized and directed to immediately transfer the amount of $464,183.19 to USF&G. These

released funds are not subject to any escrow account or other conditions referenced in the Court's Order of July 27, 2005.

6. As a result of the Parties' mutually agreeable solution to this emergency on the Lowell Project, the Court hereby extends the deadline for the Parties to meet and negotiate conditions for the establishment of accounts to provide for the transfer by Bordieri of the entire balance of the Attached Funds into two accounts as follows:

   a. $535,816.81 into an account to be jointly held by plaintiff and defendants with said funds to be used only in connection with bonded projects; and

   b. the remainder, i.e. $884,143.64, into an account to be held jointly by plaintiff and defendants with said funds to be used for ordinary expenses of Jackson's business, whether or not related to bonded projects.

The accounts shall be administrated in accordance with the Court's Order of July 27, 2005 during the pendency of this action or until further order of the Court.

7. If the Parties are unable to file a joint stipulation with respect to the opening and administration of the accounts and the accountings referred to in this Court's Order of July 27, 2005, on or before August 9, 2005, then each party shall file its own proposed conditions to govern such administration on that date.

/s/ Nathaniel M. Gorton
Honorable Nathaniel M. Gorton
United States District Judge

Dated: August 4, 2005