UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES FIDELITY AND GUARANTY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>PAUL A. BORDIERI and ANDREA J. COSTA, Trustees of JACKSON CONSTRUCTION COMPANY, a Massachusetts Business Trust, PAUL A. BORDIERI, Individually<br><br>Defendants,<br><br>and<br><br>SOVEREIGN BANK, NA, APPLETON PARTNERS, INC. and CAMBRIDGE APPLETON TRUST, NA,<br><br>Trustee Process Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) C.A. No. 05-11397 NMG<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### SECOND INTERIM ORDER

The Plaintiff, United States Fidelity and Guaranty Company ("USF&G") and the Defendants, Jackson Construction Company ("Jackson") and Paul A. Bordieri ("Bordieri"), (collectively referred to herein at times as the "Parties") having come before the Court requesting a Second Interim Order regarding the immediate transfer by Bordieri of a portion of the Attached Funds referenced in this Court's Order of July 27, 2005, the Court hereby orders the parties to proceed as follows:

1. Jackson entered into a contract with the City of Lowell for the construction of a school project known as Kathryn M. Stoklosa Middle School, located at 560 Broadway Street, Lowell, Massachusetts (the "Lowell Project").

2. In connection with Jackson's contract for the Lowell Project, USF&G executed certain Performance Bonds and Labor and Material Payment Bonds on behalf of Jackson, including Bond No. 006-SB-SW5179 (the "Bonds").

3. The Parties agree that certain amounts totaling $535,816.81 are properly due and payable to certain subcontractors and/or suppliers for their work at the Lowell Project, a bonded project. A list of the subcontractors and/or suppliers and the amounts owed to them in connection with their work at the Lowell Project entitled "Lowell Payables, Critical B, 8/9/2005" is attached hereto as Exhibit 1. The Parties further agree that it is necessary for the subcontractors and/or supplies listed in Exhibit 1 to be paid immediately in order to avoid potential delays and/or additional costs and expenses at the Lowell Project.

4. Therefore, USF&G has agreed to issue checks to pay the subcontractors and/or suppliers in the amounts listed in Exhibit 1, totaling $535,816.81. In exchange for USF&G's payment of these funds, Jackson and Bordieri agree that USF&G shall be paid immediately and directly the sum of $535,816.81 from the Attached Funds referenced in this Court's Order of July 27, 2005. This will exhaust the Attached Funds directed by the Court for use in connection with bonded projects in the Order of July 27, 2005.

5. Accordingly, the sum of $535,816.81 is released from attachment and Bordieri is authorized and directed to immediately transfer the amount of $535,816.81 to USF&G. These released funds will not be subject to any escrow account or other conditions referenced in the Order of July 27, 2005.

6.  As a result of the Parties mutually agreeable solution to the emergency on the Lowell Project, the Court hereby extends the deadline for the parties to meet and negotiate conditions for the establishment of an account to provide for the transfer by Bordieri of the entire balance of the Attached Funds, $884,143.64, into an account to be jointly held by plaintiff and defendants with said funds to be used for ordinary expenses of Jackson's business, whether or not related to bonded projects, to be administrated in accordance with the Court's Order of July 27, 2005 during the pendency of this action or until further order of the Court.

7.  If the Parties are unable to file a joint stipulation with respect to the opening and administration of the accounts and the accountings referred to in this Court's Order of July 27, 2005 on or before August 16, 2005, then each party shall file its own proposed conditions to govern such administration on that date.

_____
Honorable Nathaniel M. Gorton
United States District Judge

Dated: August 10, 2005

C:\Documents and Settings\sspearing\My Documents\ST pAUL\Pleadings\Interim Order 8.4.doc