UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES FIDELITY AND GUARANTY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>PAUL A. BORDIERI and ANDREA J. COSTA, Trustees of JACKSON CONSTRUCTION COMPANY, a Massachusetts Business Trust, PAUL A. BORDIERI, Individually<br><br>Defendants,<br><br>and<br><br>SOVEREIGN BANK, NA, APPLETON PARTNERS, INC. and CAMBRIDGE APPLETON TRUST, NA,<br><br>Trustee Process Defendants. | C.A. No. 05-11397 NMG |

### REPLY TO COUNTERCLAIM OF THE DEFENDANT PAUL A. BORDIERI, INDIVIDUALLY AND AS HE IS TRUSTEE OF JACKSON CONSTRUCTION COMPANY

The Plaintiff, United States Fidelity and Guaranty Company ("USF&G") hereby replies to the Defendant, Paul A. Bordieri, Individually and As He is Trustee of Jackson Construction Company's ("Plaintiff") Counterclaim as follows.

1. On information and belief, admitted.

2. USF&G admits the allegations contained in the first sentence of Paragraph 2 of the Counterclaim. USF&G denies the allegations contained in the last sentence of Paragraph 2 of the Counterclaim, and further states that it is a member of the St. Paul

Travelers Group.

3. USF&G admits that Paul A. Bordieri and Jackson entered into a Master Surety Agreement was with USF&G, and states that the document speaks for itself. USF&G denies the remaining allegations contained in Paragraph 3 of the Counterclaim.

4. USF&G denies the allegations contained in Paragraph 4 of the Counterclaim.

5. USF&G denies the allegations contained in the first and second sentence of Paragraph 5 of the Counterclaim. USF&G is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in the third sentence of Paragraph 5, and calls upon the Plaintiff to prove same.

6. USF&G denies the allegations contained in Paragraph 6 of the Counterclaim. Further answering, USF&G states that it hired Jackson to complete work on two separate projects under bonds issued to a third party.

7. USF&G is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Counterclaim.

8. USF&G admits the allegations contained in Paragraph 8 of the Counterclaim.

9. USF&G denies the allegations contained in Paragraph 9 of the Counterclaim. Further, answering USF&G states that the Principal voluntarily defaulted.

10. USF&G admits the allegations contained in Paragraph 10 of the Counterclaim.

11. USF&G denies the allegations contained in Paragraph 11 of the Counterclaim.

12. USF&G denies the allegations, characterizations and conclusions contained in Paragraph 12 of the Counterclaim.

13. USF&G denies the allegations contained in the last sentence Paragraph 13 of the Counterclaim.

14. USF&G is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Counterclaim.

15. USF&G is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Counterclaim.

16. USF&G is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Counterclaim.

17. USF&G denies the allegations contained in the last sentence Paragraph 17 of the Counterclaim.

18. USF&G is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Counterclaim.

19. USF&G denies the allegations contained in the last sentence Paragraph 19 of the Counterclaim.

20. USF&G denies the allegations contained in Paragraph 20 of the Counterclaim.

21. USF&G denies the allegations contained in Paragraph 21 of the Counterclaim.

22. USF&G denies the allegations contained in Paragraph 22 of the Counterclaim.

23. USF&G admits the allegations contained in Paragraph 23 of the Counterclaim.

24. USF&G denies the allegations contained in Paragraph 24 of the Counterclaim.

25. USF&G denies the allegations contained in Paragraph 25 of the Counterclaim.

26. USF&G denies the allegations contained in Paragraph 26 of the Counterclaim.

27. USF&G is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Counterclaim. In further answering, USF&G states that the document referenced in Paragraph 27 of the Counterclaim speaks for itself.

28. USF&G is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Counterclaim.

29. USF&G is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Counterclaim.

30. USF&G is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Counterclaim.

31. USF&G is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Counterclaim.

32. USF&G denies the allegations, characterizations and conclusions contained in Paragraph 32 of the Counterclaim.

33. USF&G denies the allegations contained in Paragraph 33 of the Counterclaim.

34. USF&G is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Counterclaim.

35. Upon information and belief, USF&G denies the allegations contained in Paragraph 35 of the Counterclaim. USF&G calls upon the Plaintiff to prove same.

Count I

Breach of Contract

36. USF&G incorporates herein by reference paragraphs 1 through 35 of this Reply, as if fully set forth herein.

37. USF&G denies the allegations contained in Paragraph 37 of the Counterclaim.

## Count II

### Interference With Contractual Relations

38. USF&G incorporates herein by reference paragraphs 1 through 35 and 37 of this Reply, as if fully set forth herein.

39. USF&G denies the allegations contained in Paragraph 39 of the Counterclaim.

40. USF&G admits that on two occasions it wrote to all the owners on the projects bonded by USF&G. USF&G denies the remaining allegations, characterizations and conclusions contained in Paragraph 40 of the Counterclaim.

41. USF&G denies the allegations contained in Paragraph 41 of the Counterclaim.

42. USF&G denies the allegations contained in Paragraph 42 of the Counterclaim.

## Count III

### Violation of M.G.L. Ch. 93A

43. USF&G incorporates herein by reference paragraphs 1 through 35, 37, and 39 through 42 of this Reply, as if fully set forth herein.

44. USF&G denies the allegations contained in Paragraph 44 of the Counterclaim.

45. USF&G denies the allegations contained in Paragraph 45 of the Counterclaim.

USF&G states that the last two numbered Paragraphs of the Counterclaim contain demands for judgment for which no answer is necessary. To the extent this Paragraph requires a response, USF&G denies the allegations contained therein.

### **AFFIRMATIVE DEFENSES**

### **FIRST AFFIRMATIVE DEFENSE**

The Plaintiff's Counterclaim should be dismissed under Rule 12(b)(6) because it fails to state a claim against USF&G upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

USF&G did not violate M.G.L. c. 93A or any other Massachusetts statute or law.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

### FIFTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred in whole or in part because he suffered no damages.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by reason of the Plaintiff's breaches of the contract or other agreement with USF&G, rendering its alleged rights under the contract or other agreement, as well as under the bond, void.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because it failed to mitigate its damages.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part to the extent that its damages are the result of its own or another party's acts or omissions, for which USF&G is not responsible.

### NINTH AFFIRMATIVE DEFENSE

The Plaintiff is barred from recovery under Chapters 93A because USF&G's actions were permitted under Massachusetts law.

### TENTH AFFIRMATIVE DEFENSE

The damages claimed by the Plaintiff were not proximately caused by USF&G's actions.

### ELEVENTH AFFIRMATIVE DEFENSE

USF&G reserves the right to supplement the foregoing Affirmative Defenses to the extent allowed by law and to the extent that additional defenses are revealed during discovery and the pleading process.

**WHEREFORE**, United States Fidelity and Guaranty Company, prays that this Honorable Court:

1. Dismiss the Counterclaim;

2. Award United States Fidelity and Guaranty Company costs and expenses incurred in the defense of the Counterclaim; and

3. Award such further relief as this Court deems proper and just.

Respectfully submitted,
**UNITED STATES FIDELITY AND GUARANTY COMPANY,**
By their attorneys,

_____
Kevin J. O'Connor, BBO No. 555249
Scott S. Spearing, BBO No. 562080
Gina A. Fonte, BBO #642367
HERMES, NETBURN, SOMMERVILLE,
  O'CONNOR & SPEARING, P.C.
85 Devonshire Street
Boston, MA 02109
(617) 371-0050
(617) 371-0075 (Fax)

**DATED**: August 25, 2005

## CERTIFICATE OF SERVICE

      I hereby certify that on this 25th day of August, 2005, I served the foregoing document, upon the following counsel of record:

Kieran B. Meagher, Esq.
Kieran B. Meagher Associates LLC
92 Montvale Avenue, Suite 4180
Stoneham, MA 02180

David E. Lurie, Esquire
Lurie & Krupp, LLP
One McKinley Square
Boston, MA 02109

                                                  Scott S. Spearing

G:\DOCS\SSS\ST Paul Travelers\Pleadings\Reply to Counterclaim Revised.doc