UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES FIDELITY AND GUARANTY COMPANY, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | |
| PAUL A. BORDIERI and ANDREA J. COSTA, Trustees of JACKSON CONSTRUCTION COMPANY, a Massachusetts Business Trust, PAUL A. BORDIERI, Individually | ) ) ) ) ) ) ) | C.A. No. 05-11397 NMG |
| Defendants, | ) ) | |
| and | ) ) | |
| SOVEREIGN BANK, NA, APPLETON PARTNERS, INC. and CAMBRIDGE APPLETON TRUST, NA, | ) ) ) ) | |
| Trustee Process Defendants. | ) ) | |

**PLAINTIFF UNITED STATES FIDELITY AND GUARANTY COMPANY'S
MEMORANDUM IN SUPPORT OF ITS
<u>MOTION TO CONTINUE TRIAL OF THIS CASE</u>**

The Plaintiff, United States Fidelity & Guaranty Company ("USF&G") hereby moves this Court pursuant to Rule 40 of the Federal Rules of Civil Procedure and Rules 40.3(A) and 16.5 of the Local Rules of the United States District Court for the District of Massachusetts, to continue the trial scheduled in this case for January 23, 2006, to the Honorable Judge Gorton's next available trial date. As grounds for this Motion, USF&G states that it has good cause for requesting a postponement of the trial date. Namely, the Parties have been actively engaged in settlement discussions and are close to finalizing a settlement agreement. However, given the

complex nature of this case, the Parties need additional time to finalize the terms and conditions of the written settlement agreement.

To the extent that the Parties are unable to finalize the terms and conditions of the written settlement agreement, the Parties will need additional time to conduct necessary discovery and to prepare this case for trial.

As further grounds for this Motion, USF&G states as follows:

(1)     USF&G filed this action seeking to enforce its common law and contractual rights to indemnification and other financial protection, as surety, against its principal the Defendants, Jackson Construction Company ("Jackson") and Jackson's beneficial owner, Paul A. Bordieri ("Bordieri").

(2)     On or about July 15, 2005, this Court allowed USF&G's Motion for Trustee Process and Attachment of certain of Jackson and Bordieri's accounts as security for USF&G's ultimate recovery from Jackson and Bordieri.

(3)     A hearing on the Defendants' Motion to Dissolve the Attachment was held on August 2, 2005. This court denied the Defendants' Motion, and entered an expedited Scheduling Order in this case as follows:

| | |
|---|---|
| Written Discovery Requests Filed By: | **August 31, 2005** |
| Answers to Written Discovery Requests Filed By: | **September 30, 2005** |
| All Fact Depositions To Be Completed By: | **November 15, 2005** |
| Expert Depositions To Be Completed By: | **December 15, 2005** |
| All Dispositive Motions: | **December 15, 2005** |
| Final Pre-Trial Conference By: | **January 12, 2006** |
| Commencement of Trial: | **January 23, 2006** |

(4) In accordance with the Scheduling Order, the Parties conducted written discovery, produced and reviewed hundreds of thousands of documents, and noticed over twenty depositions in this case. Counsel conferred and agreed on a schedule of depositions.

(5) Because of the large volume of documents produced by both sides, document discovery took much longer than the Parties anticipated. In order to utilize deposition time efficiently, counsel for the Parties agreed to finish document discovery before taking depositions. Subsequently, counsel for the Parties revised the schedule of depositions which resulted in depositions being scheduled to occur after November 15, 2005, the date set for completion of fact depositions under the Scheduling Order. To take into account the modified deposition schedule, the Parties agreed to file a joint motion to amend the Scheduling Order.

(6) Shortly before the depositions were scheduled to begin and prior to the filing of the Motion to Amend the Scheduling Order, the Parties began serious settlement discussions. In late October a settlement meeting was held between counsel and business representatives for both the Plaintiff and the Defendants. Shortly after that meeting, the Parties exchanged formal settlement proposals. Throughout November, 2005 the Parties exchanged extensive correspondence discussing the terms and conditions of the various settlement proposals.

(7) In early December, as a result of these exchanges and settlement negotiations, the Parties reached an agreement in principal which, would result in the settlement of all claims and dismissal of this case. Counsel for the Plaintiff and the Defendants agreed to suspend discovery to avoid unnecessary expense during settlement discussions, and to focus on finalizing the settlement agreement.

(8) Since that time, the Parties have exchanged numerous drafts of a written settlement agreement and have conferred on many occasions to discuss the terms and conditions

of the settlement and even actively engaged in finalizing a written agreement over the Christmas and New Years holidays.

(9) However, due to the complexity of this case, which involves among other things: (a) multiple construction sites; (b) numerous payment and performance bond claims; and (c) determining and verifying financial information that is crucial to the successful settlement of this case, the drafting and negotiation of the settlement documents has been difficult and time consumating.  For example, the financial provisions of the settlement agreement depend upon USF&G's review of Jackson's financial books and records for the period between January 1, 2004 and the present.  In that time period, tens of millions of dollars were processed through Jackson's various bank accounts.  An accounting and review of Jackson's financial records is necessary to verify that Jackson or its agents have has not improperly transferred assets out of Jackson.[1]

(10) Despite the Parties' diligent efforts to date, a final written settlement agreement has not yet been reached.  Accordingly, the Parties need additional time to either reach a settlement agreement.[2]

(11) To the extent that the Parties are unable to reach an agreement as to the terms and conditions of the settlement agreement, then the Parties will need the additional time to conduct necessary discovery and to prepare this case for trial.

---

[1] In addition to the assets held by Appleton Partners, Inc. ("Appleton") that were the subject of trustee process attachments issued by this Court, Jackson also transferred real estate located in Enfield, New Hampshire. The transfer of the New Hampshire property took place after the transfer of Jackson's assets at Appleton . The property located in New Hampshire has been attached pursuant to an order of the Grafton Superior Court in New Hampshire.

[2] If the Parties can not reach a settlement by Friday, January 20, 2006, the Parties have requested an appointment with Magistrate Judge Bowler to obtain her assistance in facilitating settlement discussions.

(12)    During a conference call held on January 11, 2006 with the Honorable Judge Gorton's Clerk, Craig Nicewicz, counsel for all parties all agreed to continue the trial date presently scheduled in this case for January 23, 2006.

(13)    In keeping with the Federal Court's policy of encouraging settlements between the Parties and case resolution, USF&G request that this Court allow this Motion.

**WHEREFORE**, USF&G requests that this Court:

1)    continue the trial date scheduled in this matter for January 23, 2006, to the next available trial date on Judge Gorton's calendar that will accommodate this case;

2)    refer this matter to Magistrate Judge Bowler for settlement facilitation; and

3)    grant such other relief as is jut an appropriate.

## RULE 7.1(A)(2) CERTIFICATION OF COUNSEL

Pursuant to Local Rule 7.1(A)(2), counsel certifies that he has conferred and has attempted in good faith to resolve or narrow the issue presented by this Motion and has not obtained assent from all the parties to the Motion.

        **UNITED STATED FIDELITY AND GUARANTY COMPANY,**
        By its attorneys,

        /s/ Scott S. Spearing
        Kevin J. O'Connor, BBO 555248
        koconnor@hnso.org
        Scott S. Spearing, BBO 562080
        sspearing@hnso.org
        Gina A. Fonte, BBO No. 642367
        gfonte@hnso.org
        HERMES, NETBURN, O'CONNOR
         & SPEARING, P.C.
        111 Devonshire Street, Eighth Floor
        Boston, MA  02109
        (617) 728-0050
        (617) 728-0052 (F)

Dated:  January 19, 2006

## CERTIFICATE OF SERVICE

I herby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 19, 2006.

        /s/ Scott S. Spearing
        Scott S. Spearing

G:\DOCS\SSS\ST Paul Travelers\FEDERAL TRIAL\USF&G's Memorandum in Support of Motion to Continure Trial Date.doc